UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORGAN TIRE OF SACRAMENTO, INC, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>THE GOODYEAR TIRE & RUBBER COMPANY, an Ohio Corporation; WINGFOOT COMMERCIAL TIRE SYSTEMS, LLC, an Ohio limited liability company; and DOES 1 through 10,<br><br>Defendants. | No.  2:15-CV-00133-KJM-AC<br><br><u>ORDER</u> |

This matter is before the court on plaintiff Morgan Tire of Sacramento, Inc.'s motion for a stay pending determination of its petition for writ of mandamus. ECF No. 30 at 1–2. The defendants filed a notice of non-opposition. ECF No. 37. The matter was submitted for decision without a hearing. For the reasons described below, the motion is granted.

As a preliminary matter, the court determines its jurisdiction encompasses consideration of Morgan Tire's motion. *See Saldate v. Adams*, 573 F. Supp. 2d 1303, 1314–15 (E.D. Cal. 2008) (citing, *inter alia*, Fed. R. Civ. P. 62(c)).

/////

/////

## I. PROCEDURAL BACKGROUND

Morgan Tire previously brought an action in this court against The Goodyear Tire and Rubber Company and Wingfoot Commercial Tire Systems, LLC, which was transferred to the Northern District of Ohio to enforce a forum selection clause. *See Morgan Tire v. Goodyear et al.*, No. 13-2135, Order Nov. 13, 2014, ECF No. 39. Morgan Tire voluntarily dismissed that action after it was transferred. *See* Order Apr. 20, 2015, at 4, ECF No. 25. Morgan Tire then filed a new action in this court against the same defendants, who again sought a transfer. *Id.* at 4–6. The court granted the motion and transferred the case again on April 20, 2015. *Id.* at 10. Morgan Tire filed a notice it had sought a writ of mandamus in the Ninth Circuit, ECF No. 33, and now moves to stay the transfer pending determination of its request for a writ of mandamus, ECF No. 30.

## II. LEGAL STANDARD

The court has an inherent power to stay proceedings in pursuit of the orderly resolution of every case. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). A stay is an exercise of judicial discretion in light of the "circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (citation omitted). The same factors inform both the decision to stay pending appeal and to stay pending a petition for a writ of mandamus, which in turn are essentially the same as applicable to a motion for a preliminary injunction:

> A party seeking a stay must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of relief, that the balance of equities tip in his favor, and that a stay is in the public interest.

*Humane Soc. of U.S. v. Gutierrez*, 558 F.3d 896, 896 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)); *see also, e.g.*, *Powertech Tech. Inc. v. Tessera, Inc.*, No. 11-6121, 2013 WL 1164966, at *1 (N.D. Cal. Mar. 20, 2013) (stay pending resolution of a petition for a writ of mandamus).

In this circuit, courts also consider an alternative, "sliding scale" approach. *Farris v. Seabrook*, 677 F.3d 858, 864 (9th Cir. 2012). Under this approach, assuming the plaintiff has shown the balance of equities tips in its favor and a stay is in the public interest, "'serious

questions going to the merits' and a hardship balance that tips sharply toward the plaintiff" can support a stay, even if the plaintiff does not show likely success on the merits. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011).

III.   DISCUSSION

Morgan Tire has shown the applicable factors favor a stay. Although it has not shown likely success on the merits, it has pointed out sufficiently "serious questions," for example, whether a plaintiff may abandon contract claims subject to a forum selection clause, forego substantial damages associated with those abandoned claims, and thereby avoid transfer under the clause. Morgan Tire has also shown it is likely to suffer irreparable harm if the case is transferred and moves forward. Should the case move to Ohio, as outlined in the court's previous order, Morgan Tire would have little choice but to litigate the question of venue in the Sixth Circuit. It would bear the costs of litigating the entirety of its claims out of state, but if successful in its appeal here, the case would remain in Sacramento.

Goodyear and Wingfoot do not oppose the motion to stay or describe any burden that would result from a stay. *See* Statement of Non-Opposition, ECF No. 37. Their notice of non-opposition implies that the costs of continued multi-forum litigation could outstrip any prejudice they would suffer under a stay. The balance of hardships favors Morgan Tire. Finally, if the stay is not granted, and Morgan Tire is successful on appeal, judicial resources may be misspent in duplicative proceedings; the public interest weighs in Morgan Tire's favor.

IV.   CONCLUSION

The motion is GRANTED. This action is STAYED in its entirety pending resolution of the plaintiff's petition for a writ of mandamus. This order disposes of ECF No. 30.

IT IS SO ORDERED.

DATED: June 8, 2015.

UNITED STATES DISTRICT JUDGE

3